UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DARRELL MILLS,<br><br>Plaintiff,<br><br>v.<br><br>R & M MATERIALS HANDLING, INC.,<br>DERECK MCDANIEL,<br><br>Defendants. | ) | No. 1:26-cv-01679-RLY-MJD |

**ORDER ON PLAINTIFF'S MOTION FOR JOINDER AND LEAVE TO FILE FIRST AMENDED COMPLAINT**

This matter is before the Court on Plaintiff's Unopposed Motion for Joinder and Leave to File his First Amended Complaint. [Dkt. 22.] As set forth below, Plaintiff's motion is **GRANTED**.

## I. Background

This case arises from an automobile accident between Plaintiff and Defendant Dereck McDaniel. [Dkt. 1-1 ¶¶ 5–8]. Plaintiff has sued McDaniel for negligence and seeks to hold Defendant R & M Materials Handling, as McDaniel's alleged employer, liable under the theory of respondeat superior. *Id.* ¶¶ 4, 9, 10. However, "[d]uring discovery, counsel for the Defendants advised Plaintiff's counsel that Defendant Dereck McDaniel was employed by Konecranes, Inc. at the time of the collision." [Dkt. 22 ¶ 3.] Now, Plaintiff seeks to amend his Complaint to add Konecranes, Inc. as a Defendant, *id.* ¶ 4, as well as to "clarif[y] the issues to be tried in this action," *id.* ¶ 8.

## II. Legal Standard

The Federal Rules of Civil Procedure instruct that the Court should freely give Plaintiff leave to amend its Complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This is a liberal standard, and "[t]he Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). But when, as here, a plaintiff seeks to amend their Complaint to add a defendant, the Court must also determine whether joinder is appropriate under Fed. R. Civ. P. 20. *See Donahue v. CBRL Group, Inc.*, 2008 WL 2518331, at *2 (S.D. Ind. June 17, 2008) ("FRCP 20 governs the permissive joinder of parties, and is implicated by a motion to amend the pleadings to add a new party."); *Chavez v. Ill. State Police*, 251 F.3d 612, 631–32 (7th Cir. 2001) (reviewing a district court's denial of a motion to amend a complaint to add a new plaintiff under Rule 20 and Rule 15).

Rule 20 provides that a person may be joined as defendant if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" involving the other defendants, and "any question of law or fact common to all defendants will arise in the action." While "there is no formalistic test for determining whether suits arise out of the same transaction or occurrence," the Seventh Circuit has "held that courts should consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Ross ex rel. Ross v. Bd. of Educ. of Tp. High School Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007) (cleaned up).

**III. Discussion**

Plaintiff's motion is timely, *see* [Dkt. 17 ¶ III(D) (deadline for requesting leave to amend pleading is October 23, 2026)], and unopposed, [Dkt. 22 ¶ 7]; therefore, the Court finds there is no good reason to deny Plaintiff's leave to amend their Complaint. Additionally, the Court finds that Plaintiff's proposed First Amended Complaint asserts a right to relief against Konecranes, Inc. that arises out of the automobile accident that is the focus of the Complaint, and that the questions of law and facts that will arise in this action concerning liability for Plaintiff's injuries—particularly, respondeat superior liability for R & M Materials Handlings and/or Konecranes, Inc.—are common to the current defendants and Konecranes, Inc. Accordingly, Plaintiff's motion [Dkt. 22] is **GRANTED**. Plaintiff shall file his Amended Complaint, in substantially the same form as that found at Docket No. 22-1, on or before **October 27, 2026**.

SO ORDERED.

Dated: 23 OCT 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email.